Order, Supreme Court, New York County (Ellen M. Coin, J.), entered March 26, 2013, which, to the extent appealed from, denied so much of defendants’ motion for summary judgment as sought to dismiss the claim for age-based discrimination in violation of the New York City Human Rights Law, and granted so much of the motion as sought to dismiss the claim for retaliation, modified, on the law, to deny the motion as to the retaliation claim, and otherwise affirmed, without costs.
Defendants failed to demonstrate that they did not discrimi *528 nate against plaintiff on the basis of her age (see Melman v Montefiore Med. Ctr., 98 AD3d 107, 113-114 [1st Dept 2012]). Plaintiff, who was 49 when she was hired by defendant Concentric Health Care LLC, was among the oldest of Concentric’s approximately 70 employees, was qualified for her position of billing manager, and was subjected to a disadvantageous employment action, i.e. termination. Defendant Ken Begasse, Jr. (Junior), a principal of Concentric, testified, in effect, that Concentric, an advertising agency serving the pharmaceutical industry, preferred to hire younger workers because they tended to be cheaper and advertising is generally a “young industry.”
Defendants contend that they terminated plaintiff because they were in financial trouble and their independent consultant recommended terminating plaintiff and replacing her with an employee whose annual salary would be $40,000 less than hers. However, the independent consultant made this recommendation, and others, in February 2009, and, although defendants terminated a number of people based on these recommendations, they did not terminate plaintiff until November 2009, some nine months later. Moreover, Junior and defendant Michael Sanzen, another of Concentric’s principals, testified that, in the months after the consultant made his report, new employees were hired and at least one existing employee was given a $20,000 raise. Thus, issues of fact exist as to whether defendants’ proffered explanation of financial distress is pretextual (see id.).
Issues of fact also exist as to whether defendants’ proffered explanation of poor performance is pretextual. The only documentary evidence of poor performance is a negative review that plaintiff received in September 2009, and there is evidence that, by this time, defendants had already decided to terminate her. Indeed, the review prepared by plaintiff’s immediate superior, Concentric’s comptroller, was only mildly critical of plaintiff; defendant Ken Begasse, Sr. (another of Concentric’s principals) intervened and added extensive negative comments. In an earlier employee review (December 2007), plaintiff had been lauded as “an outstanding professional with vast experience and very high standards,” who “keeps the company’s interest foremost in her mind,” and “always seems to get the work done and done properly.”
Defendants failed to demonstrate, in support of dismissing the retaliation claim, that plaintiff did not engage in a protected activity (see Fletcher v Dakota, Inc., 99 AD3d 43, 51-52 [1st Dept 2012]). In a May 2009 letter, plaintiff complained to Concentric’s human resources (HR) director that she was being *529 “scrutinized and held to a higher standard” because she is not “20 or 30 years of age” and does not like to drink alcohol. She also complained that “Concentric’s culture is such that if you aren’t 20 or 30 years of age and don’t have the desire to drink alcoholic beverages, you simply don’t fit [in] ... I am the sole woman employed at Concentric who doesn’t fit into the frat like atmosphere with the exception of Ken Sr. (in relation to age).” Although the dissent characterizes this letter as plaintiff’s expression of concern that the company is engaged in unethical business practices, the HR director viewed it as an “age discrimination documenting complaint[ ].” Thus, at the very least, issues of fact exist as to whether plaintiffs letter constitutes a complaint about age-related bias and was therefore a protected activity (see Albunio v City of New York, 16 NY3d 472, 479 [2011]). Concur — Sweeny, Gische and Clark, JJ.